**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BENJAMIN COOPER,<br>Petitioner,<br><br>v.<br><br>JOSEPH TERRA, et al.,<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br><br>No. 25-cv-5288 |

## RESPONSE TO MOTION TO STAY

In 2005, a Pennsylvania jury convicted petitioner Benjamin Cooper of offenses including third-degree murder, and he is serving an aggregate sentence of 31 to 62 years' incarceration. Cooper has filed a *pro se* habeas petition challenging those convictions. ECF No. 3. As the Commonwealth has explained, that petition is procedurally barred because it is an unauthorized second petition. ECF No. 21; 28 U.S.C. § 2244. Now, Cooper has filed a motion to stay his pending petition until his unexhausted claims can be adjudicated in state court. ECF No. 23. Because the facts and the law foreclose federal habeas relief on Cooper's unexhausted claims, the Court need not grant a stay in this case, and should deny the motion.

## BACKGROUND

In September 2003 Claire Clay's body was found burning in Fairmount Park. N.T. 2/15/05 at 123; N.T. 2/14/05 at 126–27.[1] About a week later, petitioner Benjamin Cooper approached a police officer claiming to have information about her murder. N.T. 2/14/05 at 191–92. Cooper spoke to Detectives Kenneth Rossiter and Robert

[1] The Commonwealth only briefly summarizes the relevant facts here; for a more thorough background, see the response to the habeas petition. ECF No. 21 at 1–6.

Weaver and, after receiving *Miranda* warnings, confessed to killing Clay. N.T. 2/15/05 at 14, 78–79. Cooper's confession was recorded on video. *Id*. at 47–49. A couple of hours later, Cooper asked to speak to Detective Weaver, was Mirandized again, and told the detective he had lied to protect his father. *Id*. at 79–80, 87–88. About half an hour later, Cooper told Detective Lubiejewski that he lied about his father killing Clay because he was "full of rage" at his father. *Id*. at 102, 110.

Cooper's aunt testified that on the evening Clay's body was found, Cooper came to her home driving a light grey Buick which she identified as Clay's car. N.T. 2/16/05 at 105, 97–99. When her son asked Cooper if he still had the "package in the trunk of the car," Cooper said he had gotten rid of it. *Id*. at 105. Then, smiling, Cooper asked if they had seen on the news about the body dumped in the park and set on fire. *Id*. at 106.

Cooper testified that his father killed Clay, after which his father gave him gas money and told him to burn her body in Fairmount Park. N.T. 2/16/05 at 145–55. Cooper also testified that he tried to use Clay's credit card to put gas in her car, which he continued to drive, and sometimes used as an unlicensed taxi, until the day he was arrested. *Id*. at 162, 176–77. He also continued to use Clay's cell phone until he was arrested. *Id*. at 179–87. This corroborated evidence presented by the Commonwealth that, after Clay's death, Cooper tried repeatedly to use her credit card. N.T. 2/15/05 at 136–39, 155–60.

The jury found Cooper guilty of third-degree murder, robbery, theft by unlawful taking, and abuse of a corpse. N.T. 3/1/05 at 13. Cooper was sentenced to an

aggregate term of 31 to 62 years' incarceration. *Commonwealth v. Cooper*, No. 3029 EDA 2022, 2023 WL 8277653 at *1 (Pa. Super. Ct. Nov. 30, 2023). After his conviction was affirmed on direct appeal, Cooper filed six state post-conviction petitions, each of which the state courts dismissed or denied. *Id.*

This is Cooper's second habeas petition arising out of these convictions.[2] Cooper first filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in 2019, which Judge Pratter dismissed as untimely. *Cooper v. Ferguson*, No. 19-cv-4030, 2021 WL 39630, at *1 (E.D. Pa. Jan. 5, 2021). Cooper then filed his pending habeas petition in September 2025, raising the following due process claims[3]:

(1) Cooper is innocent and the record establishes that he:
   a. Had an alibi for the time of the murder, which was supported by the statement of Kristyn White which Detectives Lubiejewski and Gross altered and suppressed;
   b. Was never at his father's home, the scene of the murder, on the night of the murder;
   c. Gave a false confession, which was coerced by Detective Rossiter, and which was disproven by the testimony of the medical examiner;
   d. Could not have used, or attempted to use, the victim's stolen credit cards because they were in the possession of the Holiday Inn custodian at the time;
   e. Was cleared of the sexual assault of the victim based on DNA recovered from a vaginal swab of the victim and skin tissue from under her fingernails;

(2) Trial counsel was ineffective for failing to present this evidence of Cooper's innocence;

(3) The Commonwealth failed to disclose the misconduct history of Detective Kenneth Rossiter in violation of *Brady v. Maryland*; and

---

[2] Since submitting this habeas petition Cooper has raised substantially the same claims in his seventh PCRA petition.

[3] Cooper's claims have been organized and condensed for clarity and ease of understanding. The Commonwealth construes Cooper's *pro se* filing liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

(4) The Commonwealth failed to disclose the misconduct history of other members of the Philadelphia Police Department in violation of *Brady v. Maryland*.

ECF No. 3 at 21–31, 28–31, 25.

## DISCUSSION

Cooper's claims, exhausted or unexhausted, are procedurally barred. This is Cooper's second habeas petition, which he was not granted authorization to file. And because Cooper's claims do not meet the standard to obtain leave to file a second petition, this Court cannot hear those claims and Cooper cannot obtain relief on them. Therefore, there is no need for the Court to stay Cooper's habeas petition to allow him to exhaust these claims in state court.

### I. Standard of review.

Cooper's habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254. Under AEDPA, habeas petitioners are also required to exhaust their claims in state court. 28 U.S.C. § 2254(b)(1)(A). A claim is exhausted if it was fairly presented in state court through one complete round of the state's review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846 (1999). In Pennsylvania, that means claims must be fairly presented to the Superior Court. *Lambert v. Blackwell*, 387 F.3d 210, 233–34 (3d Cir. 2004).

Prior to the enactment of AEDPA, federal district courts were not permitted to adjudicate petitions with both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). After AEDPA was enacted, its one-year statute of limitations meant that petitioners who brought mixed petitions ran "the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines v.*

*Weber*, 544 U.S. 269, 275 (2005). To prevent this problem a district court has the discretion to stay a habeas petition "while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 275–76.

A stay is only available in the "limited circumstances" in which "the district court determines there was good cause for the petitioner's failure to exhaust his claims." *Id.* at 277. Even in those circumstances, the district court should not grant a stay when the "unexhausted claims are plainly meritless." *Id.* To that end, the Third Circuit has suggested that claims that are "legally impossible or lack any factual support" should be dismissed. *See Tarselli v. Superintendent Greene SCI*, 726 F. App'x 869, 876 (3d Cir. 2018) (unpublished).

Separately, AEDPA imposes "stringent gatekeeping requirements" when a petitioner wishes to submit a habeas petition after a "district court has entered its judgment with respect to [a] first petition." *Rivers v. Guerrero*, 605 U.S. 443, 446 (2025). To "conserve judicial resources [and] reduce piecemeal litigation," a petitioner is required to apply for authorization to file a second or successive habeas petition. *Id.* at 455 (internal citation omitted); 28 U.S.C. § 2244(3)(A). And a petitioner may bring a new claim "only if it falls within one of two narrow categories – roughly speaking, if it relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing § 2244(b)(2)). A petitioner establishes his innocence by presenting "clear and convincing evidence that, but for the

constitutional error, no reasonable factfinder would have found the applicant guilty" upon consideration of all the evidence. 28 U.S.C. § 22444(b)(2)(B)(ii).

## II. A stay is not warranted.

Cooper's petition raises two exhausted claims.[4] These claims are futile because they are presented in an unauthorized successive petition. *See* ECF No. 21 at 7–17. So a stay is not warranted to exhaust these claims. *See Rhines*, 544 U.S. at 275 (stay requires a showing that the "unexhausted claims are potentially meritorious"); *Tarselli*, 726 F. App'x. at 876 (claims that are "legally impossible" should be dismissed").

As explained in more detail in the Commonwealth's response to the petition, ECF No. 21 at 11–12, 14–17, Cooper's unexhausted claims are that the Commonwealth suppressed the material misconduct history of Detective Rossiter, Detective Edward Rocks, and Officer Christopher Grandison, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Because this is a second habeas petition, these claims cannot be heard unless he shows, among other things, that "but for constitutional

[4] The facts underpinning Cooper's first two claims were previously raised in his sixth PCRA petition, and were dismissed as untimely. Am. PCRA Pet. 9/10/21 at 4, 8–10, 22, 24–26, 29–31; *Cooper*, 2023 WL 8277653 at *4 (Pa. Super. Ct. Nov. 30, 2023). Because these untimely claims have already been fairly presented to the Superior Court, they are exhausted. The underlying facts were also previously discussed in Cooper's first habeas petition, which was dismissed as untimely. *See Cooper v. Ferguson*, No. 19-cv-4030 (E.D. Pa.) ECF No. 2 at 3–4, 17, 24–25, 30–33, 44–45; *Cooper*, 2021 WL 39630, at 1 (E.D. Pa. Jan. 5, 2021). As these claims are exhausted, Cooper's motion to stay does not apply to them.

error, no reasonable factfinder would have found him guilty." 28 U.S.C. § 2244(b)(2)(B)(ii).

Cooper has not met that standard because the impeachment evidence against the officers does not establish his innocence. *See* ECF No. 21 at 14–17. Rocks and Grandison helped process and hold the scene at Cooper's father's home. However, no physical evidence from Cooper's father's home linked Cooper to the murder and neither Rocks nor Grandison testified at trial. And Cooper's allegation that his confession was coerced by Rossiter is belied by the record. In addition to confessing to Detectives Rossiter *and* Weaver on video, Cooper also confessed to Detective Lubiejewski that he murdered Clay. N.T. 2/9/05 at 88, 109. When Rossiter and Weaver asked Cooper, during his video-taped confession, how they had treated him that day, Cooper replied "fairly." *Id.* Part 2 at 28–29. Cooper testified at the suppression hearing that Rossiter neither hit him nor threatened to hit him. *Id.* at 28. Cooper's own testimony, therefore, established that Rossiter did not coerce his confession.

Given the overwhelming evidence against Cooper and the sparseness of the facts underlying his claims, Cooper has not shown that he should be authorized to file a second or successive habeas petition. *Banister*, 540 U.S. at 509 (citing 28 U.S.C. § 2244(b)(2)). A stay is therefore unnecessary because even if this Court granted one, Cooper would not be able to return to federal court and litigate his unexhausted claims.

## CONCLUSION

For these reasons, the Court should deny Cooper's motion to stay.

Respectfully submitted,

PETER F. ANDREWS
Supervisor, Federal Litigation Unit

/s/
AMELIA HARDY
Assistant District Attorney
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Email: amelia.hardy@phila.gov
(215) 686-8000

## CERTIFICATE OF SERVICE

I, Amelia Hardy, hereby certify that on July 22, 2026, I served a copy of this response by placing it, first-class postage prepaid, in the United States mail addressed to:

Smart Communications / PADOC*
Benjamin Cooper / GE0213
SCI – Phoenix
PO Box 33028
St. Petersburg, FL 33733

/s/

AMELIA HARDY
Assistant District Attorney
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Email: amelia.hardy@phila.gov
(215) 686-8000

* The respondents are required by Pennsylvania Department of Corrections policy to mail this to the petitioner using the Smart Communications address. The applicable policy provides, "all incoming inmate mail (other than privileged) must be sent to the Department's contracted incoming inmate mail processor," which is Smart Communications. *See* Pa. DOC, DC-ADM 803, § 1 (C)(1). Respondents' legal filings are not "privileged," because counsel for the respondents do not represent the petitioner or have any other relationship with the petitioner that would make their communications privileged. Therefore, the respondents are prohibited by the DOC's policy from mailing documents directly to the petitioner at the address of the prison where the petitioner is in custody.