**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BENJAMIN COOPER,**<br>**Petitioner,**<br><br>**v.**<br><br>**JOSEPH TERRA, et al.,**<br>**Respondents.** | :<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br><br>**NO. 25-cv-5288** |

**O R D E R**

AND NOW, this 11TH day of September, 2026, upon consideration of Petitioner's identical Motions for Appointment of Counsel[1] (ECF Nos. 12, 16), the Commonwealth's response thereto (ECF No. 18), and Petitioner's reply in further support (ECF No. 19), it is **ORDERED** that the motions are **DENIED**.[2]

---

[1] Petitioner also filed an earlier motion to appoint counsel (ECF No. 7) on October 6, 2025, which Chief Judge Wendy Beetlestone denied two days later. (ECF No. 8).

[2] While there is no absolute constitutional right to counsel in federal habeas proceedings, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), a court has the discretion to appoint counsel when it determines that the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Applying the "interests of justice" standard, the court may consider if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. *Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991), *superseded by statute on other grounds as stated in Raven v. Superintendent Rockview SCI*, No. 19-2933, 2020 WL 814045 (3d Cir. 2020). Factors to be considered are the complexity of the legal and factual issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims. *Id.* at 264.

Petitioner seeks counsel on the grounds that he is indigent and that counsel will be more capable in pursuing the sentencing transcripts, homicide file, and discovery regarding the misconduct of seven former and current police detectives involved in his case, as well as in filing another memorandum in support of his habeas petition. (Mots. for Appt. of Counsel, ECF Nos. 12 & 16, at 1-2). However, the Commonwealth responds that shortly after Petitioner filed his second motion it provided him with the referenced discovery. (Resp., ECF No. 18, at 2). It also highlights that he submitted with his initial petition a detailed memorandum showing that he understands the issues in his case, which are straightforward, and that he can capably present them. (*Id.*). Furthermore, it promises to continue to review Petitioner's case to continue to evaluate whether the interests of justice warrant the appointment of counsel and, if merited, file a

motion to that effect, (*id.*), although, to date, none has been submitted. In reply, Petitioner concedes that "some" of the discovery has been provided, but he still wants counsel to seek the sentencing transcripts, homicide file, and additional discovery "so that more connections could be made concerning the police misconducts and his case that are not circumstantial." (Reply in Supp. of Mots. for Appt. of Counsel, ECF No. 19, at 2 (citing *Montgomery v. Pintchak*, 294 F.3d 492, 502 (3d Cir. 2002); *Parham v. Johnson*, 126 F.3d 454, 459 (3d Cir. 1999); *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). He further acknowledges that he has been able to obtain lay assistance with this matter from other inmates, but he notes that they are not obligated to aid him, complains about the cost, and cites their recent lack of help as the reason that, as of the time of his reply in support of his motions for counsel, he had not yet filed the additional contemplated memorandum in support of his habeas petition. (*Id.* at 3. *But see* Reply in Supp. of Hab. Pet., ECF No. 19). Additionally, Petitioner denies that the issues in this case are straightforward for him given his lack of legal experience and mental health problems, including "seizures, migraine headaches, anxiety/panic attacks, depression, suicidal tendencies, etc.," and questions whether someone with these issues can "knowingly, intelligently and voluntarily waive his rights for anything[.]" (*Id.* at 3-4 (citing *Hamilton v. Leavy*, 117 F.3d 742, 749 (3d Cir. 1997)). For these reasons, he maintains that "[t]he complexity and difficulty of the case, both, fact[ual] and legal issues will merit appointment of counsel includ[ing] those requiring the use of expert witnesses, such as intelligence officers, experts in the field of interrogation and interviewing and [a] psychologist . . . ." (*Id.* (citing *Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997)).

Even accepting as true Petitioner's characterization of his claims as "complex" and his allegations regarding his lack of legal experience, present lack of legal assistance, and ongoing mental health issues, appointment of counsel would remain unwarranted because his multiple filings in this case show that Petitioner has a sufficient understanding of the issues raised in this matter and access to relevant evidence and legal resources to coherently and adequately represent his interests. *See Brown v. DiGuglielmo*, No. 07-3465, 2007 WL 4242266, at *1 n.1 (E.D. Pa. Nov. 29, 2007); *Stocklin v. Klem*, No. 03-954, 2004 WL 1535790, at *7 (E.D. Pa. Feb. 26, 2004). To date, Petitioner has filed his opening petition and a substantial supporting memorandum, three motions for the appointment of counsel, a motion for a stay, and replies in support of his petition and his request for counsel. (Hab. Pet., ECF No. 3; Mots. for Appt. of Counsel, ECF Nos. 7, 12, 16; Mot. to Stay, ECF No. 23; Reply in Supp. of Mots. for Appt. of Counsel, ECF No. 19; Reply in Supp. of Hab. Pet., ECF No. 22). Petitioner's lengthy reply supporting his demand for habeas relief, in particular, shows that he grasps the issues in this matter and possesses sufficient materials to make his case. (*See generally* Reply in Supp. of Hab. Pet., ECF No. 22). Furthermore, whether Petitioner had the capacity to "waive" some unspecified right is not before this Court. (*See generally* Hab. Pet., ECF No. 3).

Moreover, it remains unclear how the discovery that counsel is purportedly needed to explore would assist Petitioner in developing any claims before this Court, particularly given that briefing has concluded. For instance, Petitioner seeks sentencing transcripts, but his claims all revolve around his guilt or innocence of the crimes charged, not the term of his confinement. (Hab. Pet., ECF No. 3, at 8, 10, 12 (alleging actual innocence, *Brady* violations and ineffectiveness assistance of counsel)). Further, Petitioner's filings suggest that the homicide file is unavailable. (*See* Reply in Supp. of Mot. for Appt. of Counsel, ECF No. 19, at 2 (indicating

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

that the assigned Assistant District Attorney previously informed him "that homicide detectives went into the District Attorney's Office and took everything and that she was unaware of what they did with it"). Similarly, Petitioner offers no basis for his assumption that additional misconduct discovery exists beyond what the Commonwealth has already turned over, and his stated intention to use such discovery (if it exists) to see what "more connections could be made" suggests a fishing expedition (to say nothing of his suggestion that counsel is needed to oversee a slew of "expert witnesses" also supposedly required to develop his case). (Reply in Supp. of Mots. for Appt. of Counsel, ECF No. 19, at 2-4).

For all of these reasons, the Court denies Petitioner's motions.